# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| Plaintiff, | * |
| v. | * Case No.: RWT 09cv1513 |
| **$134,750 U.S. CURRENCY** | * |
| Defendant. | * |

## MEMORANDUM OPINION

This is a forfeiture action. The Government has moved to strike the answer to the complaint filed by Amanuel Asefaw ("Claimant"), who is proceeding pro se, and for summary judgment based on a statement of material facts, which it urges the Court to deem admitted due to the failure of Claimant to respond to its request for admissions. Because the Court concludes that the equities favor providing Claimant additional time to amend his claim and to respond to the Government's discovery requests, it will, by separate order, deny the Government's Motion for Summary Judgment [Paper No. 10] and Motion To Strike Claimant's Reply [Paper No. 18], as well as related motions [Paper Nos. 12, 16].

**I**

This case has a rather complicated procedural history beginning with the Verified Complaint for Forfeiture against $134,750 U.S. Currency filed by the Government on June 6, 2009. See Paper No. 1. In the Complaint, the Government alleges that the $134,750 U.S. currency seized from Citibank and Chevy Chase bank accounts in the name of Amanuel Asefaw constitutes proceeds or substitute assets traceable to structuring to avoid currency reporting

requirements in violation of 31 U.S.C. § 5324(a)(3), and therefore should be forfeited to the Government pursuant to 18 U.S.C. § 981 and 31 U.S.C. § 5317(c)(2).  Id. ¶ 4–5.

On July 13, 2009, Mr. Asefaw filed a pro se "Reply to Complaint for Forfeiture," which is in effect an Answer to the Complaint.  See Paper No. 4.  Attached to the "Reply" are various account statements, transaction receipts, and a currency transaction report.  See id. Exs.  On January 5, 2010, Mr. Asefaw filed a request for an extension of time for production of documents and asked for an extension of time to gather "all the necessary documents for purpose of the reply."  See Paper No. 6.  The Court denied the request on January 7, 2010, as premature because discovery had not commenced yet.  See Paper No. 7.  The next day the Court issued a scheduling order.  See Paper No. 8.

The Government moved for summary judgment on January 26, 2010.  See Paper No. 10. In its motion, the Government argues that the record conclusively demonstrates that there are no genuine issues of material fact as to whether the U.S. Currency at issue was properly subject to forfeiture under 31 U.S.C. § 5317.  See id. at 8.  No genuine issues of material fact exist, according to the Government, because the requests for admissions served on Mr. Asefaw on December 1, 2009, should be deemed admitted due to Mr. Asefaw's failure to respond to them within 30 days after service.  See id. at 7 (citing Federal Rule of Civil Procedure 36).

On February 2, 2010, Mr. Asefaw filed a "Request for Sanctioning the Plaintiff."  See Paper No. 12.  In it, Mr. Asefaw points out that the Government served him with a set of interrogatories, a request for admissions, and request for documents before the Scheduling Order issued.  See id. ¶ 6.  He further explains that he answered the Government's interrogatories to the fullest extent possible and that his January 5, 2010 filing with the Court asking for additional time to produce documents was in response to the Government's premature discovery requests.

See id. ¶ 7. In addition, Mr. Asefaw notes that he requested that the Government produce documents relating to communications between the Government and the different banks regarding his monetary transactions. See id. ¶¶ 11–12. He believes he needs these documents in order to more fully answer the Government's request for admissions. See id.

Two weeks later, Mr. Asefaw filed a "Motion To Dismiss Plaintiff's Motion for Summary Judgment," which is in effect his opposition to the Government's summary judgment motion. See Paper No. 15. He contends that he has not refused to answer any discovery requests and that he will answer "within the required period of time." See id. at 3. He also argues that the evidence does not establish that the currency seized by the Government is forfeitable. See id.

Replying in support of its motion for summary judgment, the Government contends that its discovery requests were timely pursuant to Local Rule 104.4, which states as follows: "Unless otherwise ordered by the Court or agreed upon by the parties, the conference of counsel required by Fed. R. Civ. P. 26(f) need not take place and discovery shall not commence and disclosures needs not be made until a scheduling order is entered." See Paper No. 16, at 2 (emphases added). According to the Government, "the parties implicitly agreed to commence discovery before the Court's scheduling order had been entered by serving reciprocal discovery on each other." See id. Thus, in the Government's view, Mr. Asefaw's failure to respond to its timely requests deems them admitted. See id. at 3. Also in its reply, the Government moved to hold discovery in abeyance until its motion for summary judgment is resolved. See id. at 1.

Mr. Asefaw filed an opposition to the Government's request to hold discovery in abeyance and a surreply opposing the summary judgment motion. See Paper No. 17. In the surreply, Mr. Asefaw acknowledges that he informally replied to the Government's discovery

3

questions, but argues nevertheless that he never agreed to proceed without the Court's scheduling order.  See id. at 3.

On March 22, 2010, the Government moved to strike Mr. Asefaw's "Reply to Complaint for Forfeiture."  See Paper No. 18.  In this motion, the Government contends that Mr. Asefaw has failed to file a claim in this court.  See id. at 2.  A claim is required by Supplemental Federal Rule of Civil Procedure G(8)(c), which provides that "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending," and by 18 U.S.C. § 983(a)(4)(A), which states that "such claim may be filed not later than 30 days after the date of service of the Government's complaint."  See id. at 3.  Due to Mr. Asefaw's failure to file a claim within the 30 days after the filing of the Complaint, the Government argues that his Reply should be stricken so that judgment by default can be entered in favor of the Government.  See id. at 2.

Mr. Asefaw filed an opposition to the Government's motion to strike on April 13, 2010. See Paper No. 20.  Mr. Asefaw notes that he filed a claim in the administrative forfeiture proceeding on May 27, 2008.  See id. at 2.  He contends that he did not know that he was required to file a separate claim in this court in response to the Government's Verified Complaint.  See id. at 2–3.  To remedy this deficiency, Mr. Asefaw filed a "Seized Asset Claim From" in this court on April 8, 2010.  See Paper No. 19.

In its reply, the Government argues that Mr. Asefaw's claim in the administrative forfeiture proceeding is not a substitute for the claim required by 18 U.S.C. § 983(a)(4) and Rule G(5).  See Paper No. 21, at 2.  The Government further contends that the "Seized Asset Claim Form" filed by Mr. Asefaw does not comply with the timing requirements or specificity requirements of Rule G(5).  Id. at 2.

## II

Based on these filings, the Court must determine whether (A) Mr. Asefaw should be deemed to have filed a claim pursuant to 18 U.S.C. § 983(a)(4) and Rule G(5); (B) whether the Government's requests for admissions should be deemed admitted; and (C) whether genuine issues of material fact exist precluding the granting of the Defendant's motion for summary judgment.

### A

The Court concludes that Mr. Asefaw should be deemed to have filed a timely claim pursuant to 18 U.S.C. § 983(a)(4) and Rule G(5). The Government is technically correct that Mr. Asefaw failed to file a "claim"—separate from a "Reply"—in this Court. However, there are numerous reasons to treat his Reply as a claim. First, Mr. Asefaw clearly was trying to assert a claim by filing his Reply: it was filed within the timeframe required to file a claim under § 983(a)(4), and it announced his interest in the seized property through his answers as well as through the various account statements, transaction receipts, and currency transaction report included as exhibits. Second, the Government was on notice of Mr. Asefaw's interest in the property. His name was on the bank accounts from which it seized the currency, and he filed a claim in an administrative forfeiture proceeding. In addition, from the time Mr. Asefaw filed his Reply (i.e., July 10, 2009) to the time the Government moved to strike it (i.e., March 22, 2010), eight months had past during which the Government requested admissions and documents from Mr. Asefaw and filed a motion for summary judgment, an opposition to his motion for sanctions, and a reply in support of its motion for summary judgment. Third, as soon as he was made aware of this deficiency, Mr. Asefaw filed a "Seized Asset Claim Form." All of this taken together suggests a good faith effort by Mr. Asefaw to file a claim, and the Government

apparently has not suffered any prejudice resulting from the technical deficiencies in the claim filed as a Reply. Accordingly, the Court will deny the Government's motion to strike Mr. Asefaw's Reply and will allow the Seized Asset Claim Form filed on April 8, 2010 to relate back to the date he filed his Reply.

The Government also complains that the Seized Asset Claim Form is insufficient because it is "generic and does not permit the government to investigate claimant's standing to intervene." See Paper No. 21, at 2. Having reviewed Claimant's Reply, combined with his "Answers to the Interrogatories" and "Seized Asset Claim Form," the Court agrees that Claimant needs to state where and how he acquired the seized assets in which he asserts property interests. The Seized Asset Claim Form specifically asks the claimant to state his interest in each item of property in which he claims an interest and to provide any documents supporting the claim, including titles, registrations, bills of sale, and receipts. See Paper No. 20. Mr. Asefaw simply responded that "[t]he assets were taken out of my bank accounts by IRS." See id. That response is insufficient. Accordingly, the Court will grant Mr. Asefaw leave to amend his Seized Asset Claim Form to provide detail as to how he obtained possession of the currency, including, but not limited to, the person(s) from whom he received the currency, the date of receipt, the place of the receipt, and a description of the transaction which generated the currency. Mr. Asefaw will be directed to amend his claim on or before May 24, 2010.

**B**

As mentioned, the Government moved for summary judgment relying on a statement of undisputed material facts. See Paper No. 10, at 2. The material facts are undisputed, according to the Government, because Mr. Asefaw failed to respond to its requests for admissions. See id. 7. Admitting that he did not respond to the admissions requests, Claimant argues that the

6

discovery requests were invalid because they were issued before the scheduling order and that he needs additional information from the Government in order to respond. See Paper No. 15, at 3. He also moves for sanctions against the Government. See Paper No. 12.

For several reasons, the Court will provide Mr. Asefaw with additional time to respond to the Government's requests for admissions and documents. First, the Government did serve discovery requests on Mr. Asefaw prematurely. The Government served interrogatories and a request for production of documents on June 23, 2009, and requests for admissions on December 2, 2009. See Paper No. 10 Ex. 2–4. The scheduling order, which authorizes the commencement of discovery, did not issue until January 8, 2010. While the premature issuance of the requests does move the Court to provide Mr. Asefaw additional time to respond to them, it does not justify sanctions. Second, Mr. Asefaw made a good faith effort to accommodate the Government's requests by answering the interrogatories, see id. Ex.3, and by requesting additional time to produce documents, see Paper No. 6. The Court almost certainly would have granted Mr. Asefaw's request for an extension of time if it had understood that the Government initiated discovery prematurely. See Paper No. 7. Third, to hold that Mr. Asefaw, proceeding pro se, impliedly agreed to engage in discovery before the issuance of the scheduling order because he attempted to accommodate the Government's premature requests would be unfair. Therefore, the Government's requests for admissions are not deemed admitted, and Mr. Asefaw will be directed to respond to them and its request for documents on or before May 24, 2010.

## C

The Government is not entitled to summary judgment at this time because the material facts on which the Government relies are not undisputed. To prove that the property is forfeitable, the Government must show that Mr. Asefaw structured his transactions for the

7

purpose of evading reporting requirements.  See Paper No. 10, at 9.  In his opposition, Mr. Asefaw denies material facts relating to his knowledge of reporting requirements and his intent to evade them.  See Paper No. 15, at 4–5.  Because Mr. Asefaw clearly disputes the Government's statement of material facts, the Court finds that issues of material facts currently exist and therefore must deny the Government's motion for summary judgment at this time.  The Court notes that, consistent with the scheduling order, the parties must file any and all dispositive motions on or before June 23, 2010.

## III

For the foregoing reasons, the Court will, by separate order, deny the Government's Motion for Summary Judgment [Paper No. 10], deny Claimant's Motion for Sanctions [Paper No. 12], deny the Government's Motion To Hold Discovery in Abeyance [Paper No. 16], and deny Government's Motion To Strike Claimant's Reply [Paper No. 18].


Date:   April 28, 2010

/s/<br>
ROGER W. TITUS<br>
UNITED STATES DISTRICT JUDGE