**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | Case No.: RWT 09cv1513 |
| v. | * | |
| | * | |
| **$134,750 U.S. CURRENCY** | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | *** | |

## MEMORANDUM OPINION

This is a civil in rem forfeiture action. The Government has renewed its motion to strike

the claim form filed by Amanuel Asefaw ("Claimant"), who is proceeding pro se, and filed its

second motion for summary judgment. Because the Court concludes that the equities favor

providing Claimant additional time to amend his claim and supplement his response in

opposition to the Government's second motion for summary judgment, it will, by separate order,

deny the Government's renewed Motion To Strike Claimant's Claim Form and for Sanctions

[ECF No. 29] and grant the Claimant leave to supplement his response in opposition to the

Government's second motion for summary judgment. The Court will also grant Claimant's

related motions [ECF Nos. 32 and 42]

**I**

This action arose out of a seizure of $134,750 in United States currency from Citibank

and Chevy Chase bank accounts in the name of Amanuel Asefaw on March 28, 2008. In its

Complaint for Forfeiture against $134,750 U.S. Currency, the Government alleges that the

currency seized constitutes proceeds or substitute assets traceable to structuring to avoid

currency reporting requirements in violation of 31 U.S.C. § 5324(a)(3), and therefore should be

forfeited to the Government pursuant to 18 U.S.C. § 981 and 31 U.S.C. § 5317(c)(2).  See ECF No. 1 ¶ 4–5.

The rather complicated procedural history in this case was laid out in the Court's Memorandum Opinion dated April 28, 2010 and will not be repeated in great detail here.  See ECF No. 24.  In the Order accompanying the April 28, 2010 Memorandum Opinion, the Court denied the Government's Motion for Summary Judgment and directed Mr. Asefaw to amend his claim and respond to the Government's requests for admissions and documents on or before May 24, 2010.  See ECF No. 24.  On June 18, 2010, the Government filed a Motion to Strike Claim Form and for Sanctions, alleging that Claimant failed to amend his claim form by May 24, 2010 and seeking sanctions for Claimant's failure to comply with the Court's Order to respond to the Government's document requests by May 24, 2010.  See ECF No. 29.

On July 8, 2010, Mr. Asefaw opposed this motion and filed an amended verified seized asset claim form.  See ECF Nos. 30 and 31.  In his opposition, Mr. Asefaw argues that he faithfully amended his claim by answering the Government's requests for admission and amending his interrogatory responses on May 7, 2010 and attending his deposition on May 13, 2010.  Claimant's Opp'n Pl.'s Mot. to Strike 1.   In the amended claim, Mr. Asefaw states that the seized assets belong to his mother, Hateinesh Araya, who lives in Eritrea.  See ECF No. 31. He further asserts that his mother acquired the money over a period of thirty-five years by working as a nanny and a housemaid and has been sending the money to him for the past twenty-five years for safe keeping in the United States.  Id.

On August 18, 2010, Mr. Asefaw moved for an extension of time to complete discovery for the limited purpose of submitting an affidavit from his mother in Eritrea.  See ECF No. 32. The Government did not file a response in opposition to this motion.  On November 17, 2010,

Mr. Asefaw filed an affidavit from his mother, in which she states that she has been sending money to Mr. Asefaw since 1995 and has $150,000 in the US Banks in the name of her son and in her name. See ECF No. 33, Ex. 1.

On November 18, 2010, the Government filed a Second Motion for Summary Judgment. See ECF No. 34. In its motion, the Government argues that there is no genuine issue of material fact as to whether the funds were property subject to forfeiture under 31 U.S.C. § 5317 because undisputed facts establish the elements of a structuring offense under § 5324(a)(3): "(1) the defendant must, in fact, have engaged in multiple acts of structuring, (2) he must have done so with knowledge that the financial institutions involved were legally obligated to report currency transactions in excess of $10,000, and (3) he must have acted with the intent to evade this reporting requirement." United States v. MacPherson, 424 F.3d 183, 189 (2d Cir. 2005); see also United States v. Peterson, 607 F.3d 975, 977 (4th Cir. 2010). In support of the knowledge and intent elements, the Government contends that on August 2, 2007, Mr. Asefaw spoke via telephone with an employee of Citibank and informed that employee that he was aware of the requirements that a financial institution file a currency transaction report ("CTR") for currency deposits exceeding $10,000 and that he purposefully deposited only $10,000 to avoid that filing.[1] Pl.'s Second Mot. Summ. J. 9. The Government also asserts that Mr. Asefaw was present at the time M&T Bank personnel completed at least four CTRs from August 30, 2005 through September 27, 2005. Id.

---

[1] In support of this assertion, the Government attaches as exhibit 5 to its motion, an email allegedly kept in the normal course of business from an unidentified Citibank employee. The author of the email states that during a conversation with Mr. Asefaw, Mr. Asefaw mentioned that "he knew about the CTR and that's why he only deposited $10,000." Pl.'s Second Mot. Summ. J., Ex 5. The author of the email also states that s/he explained the importance of structuring deposits and filling out a CTR to Mr. Asefaw. Id.

On December 6, 2010, Mr. Asefaw filed a "Motion to Dismiss Plaintiff's Second Motion for Summary Judgment," which is in effect his opposition to the Government's second summary judgment motion. See ECF No. 36. In his opposition, Mr. Asefaw argues that he did not know that the financial institutions involved were legally obligated to report currency transactions in excess of $10,000 and denies acting with the intent to evade this reporting requirement. Claimant's Opp'n Pl.'s Second Mot. Summ. J. 6, 9. More specifically, Mr. Asefaw acknowledges speaking to one female Citibank employee but denies speaking about CTR requirements as alleged by the Government. Id. at 7. He similarly denies being present at the time M&T Bank personnel completed CTRs from August 30, 2005 through September 27, 2005. Id. at 8. Mr. Asefaw claims that he did not deposit amounts in excess of $10,000 because he was afraid of robbery. Id. at 9-10; see also Claimant's Am. Resp. to Req. Admis. 6, ¶ 18, ECF No. 34, Ex. 4. Mr. Asefaw also argues that his mother is the actual owner of the money and the funds should thus be protected from forfeiture under the innocent owner defense. Id. at 11-12. Mr. Asefaw did not file with his opposition any affidavits, declarations, or other exhibits.

Replying in support of its second motion for summary judgment, the Government argues that the innocent owner affirmative defense does not apply because Mr. Asefaw has no legal basis to assert the defense on behalf of his mother, who has not filed a claim. See Pl.'s Reply in Support of Second Mot. Summ. J. 3-4. The Government reiterates that it does *not* have to prove that the funds at issue were proceeds of illegal activity because the structuring offense is sufficient to render them subject to forfeiture. Id. Although the Government admits that the knowledge and structuring elements are contested, it argues that it has offered sufficient evidence to show that Mr. Asefaw was aware of the reporting requirements and acted with the intent to evade them. Id. at 5-13.

In an apparent effort to bolster its showing as to these elements, the Government filed as exhibit 3 to its reply an affidavit of Mary Ann Veloso declaring that the policy of M&T Bank is to inform the banking customer that a CTR must be completed if the transaction exceeds $10,000 in currency and to file the CTR electronically at the time the transaction occurs. Veloso Aff. 1, Jan. 24, 2011, ECF No. 40, Ex. 1. Mr. Asefaw subsequently moved for leave to file a surreply to address and rebut the contentions in this affidavit. See ECF No. 42. The Government did not file a response in opposition to this motion.

## II

Based on these filings, the Court must first determine whether to strike Mr. Asefaw's amended verified claim as untimely. The Court declines to do so in this case. The Government is correct that Mr. Asefaw failed to amend his claim by May 24, 2010 as directed to do so by the Court. However, there are numerous reasons not to strike Mr. Asefaw's amended claim. First, Mr. Asefaw was apparently trying to amend his claim through his additional participation in discovery. As part of that effort, Mr. Asefaw amended his responses to the Government's first set of interrogatories and answered the Government's requests for admission on May 7, 2010. Mr. Asefaw also attended his deposition on May 13, 2010. Second, the Government was on notice of the contents of the amended claim within the time period specified by the Court because Mr. Asefaw included this information in his amended response to Interrogatory No. 7. See Claimant's Am. Resp. Interrog. 7, ECF No. 34, Ex. 4. Third, after he was made aware of the deficiencies in his response to the Court's Order, Mr. Asefaw filed an amended and verified Seized Asset Claim Form. See ECF No. 31.

All of this taken together suggests a good faith effort by Mr. Asefaw to amend his claim and otherwise comply with the Court's April 28, 2010 Opinion and Order. In addition, the

Government apparently has not suffered any prejudice resulting from the untimely filing of the amended claim. Accordingly, the Court will deny the Government's motion to strike Mr. Asefaw's claim and will consider the Amended Seized Asset Claim Form filed on July 8, 2010 as if timely filed.

As mentioned, the Government also filed a second motion for summary judgment and Mr. Asefaw responded with what is in effect an opposition. In his pleading, Mr. Asefaw disputes that he had the knowledge or intent required under § 5324 but he fails to support the denials with an affidavit or other admissible evidence as required by Federal Rule of Civil Procedure 56(c). Because the material facts on which the Government relies are not presently undisputed in the manner required by Rule 56(c), the Court will grant Mr. Asefaw, a pro se litigant, leave to supplement his opposition to the Government's Second Motion for Summary Judgment with an affidavit, declaration or other material contesting the affidavits and records filed by the Government in the manner required.[2] Mr. Asefaw will be directed to supplement his pleading on or before April 18, 2011, and is cautioned that if he fails to do so, the Government's motion may be granted.

### III.

For the foregoing reasons, the Court will, by separate order, deny the Government's renewed Motion to Strike Claimant's Reply [ECF No. 29], grant nunc pro tunc Claimant's unopposed Motion for Extension of Time to Complete Discovery [ECF No.32], and grant Claimant's unopposed Motion for Leave to File Sur-reply [ECF No. 40]. The Court will also

---

[2] Pursuant to Federal Rule of Civil Procedure 56(c)(4), "(a)n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify in the matters stated."

grant Claimant leave to supplement his response in opposition to the Government's Second

Motion for Summary Judgment in a manner consistent with this Memorandum Opinion.


Date:   March 22, 2011                                  _____/s/_____
                                                        ROGER W. TITUS
                                                        UNITED STATES DISTRICT JUDGE